UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LUTOMSKI,

    Plaintiff,

vs.     Case No. 12-15656

COLLEEN KELLEY, a/k/a COLLEEN
KILEY KELLEY, an individual,     HON. AVERN COHN
and LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND**
**OR FOR LEAVE TO AMEND (Doc. 16)**[1]

I. Introduction

This is a case seeking life insurance benefits. Plaintiff Christopher Lutomski (Lutomski) is suing Colleen Kelley (Kelley) and Lincoln National Life Insurance Company (Lincoln National) seeking life insurance benefits that Lincoln National paid to Kelley. The life insurance benefits were paid under a policy on the life of Lynn Lutomski, now deceased. Plaintiff is Lynn Lutomski's brother. Colleen Kelley is Lynn Lutomski's step-daughter. Lutomski filed suit in state court, asserting the following claims:

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count I | Common Law and Statutory Conversion - against Kelley |
| Count II | Common Law and Statutory Conversion - against Lincoln National |
| Count III | Unjust Enrichment - against Kelley |
| Count IV | Breach of Third Party Beneficiary Contract - against Lincoln National |
| Count V | Breach of Fiduciary Duty - against Lincoln National |
| Count VI | Negligence - against Lincoln National |

Defendants removed the case to federal court on the grounds that Lutomski seeks to recover benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 et seq.

Before the Court is Lutomski's motion to remand or for leave to amend. For the reasons that follow, the motion will be granted in part and denied in part. As will be explained, a remand will be denied and Lutomski will be granted leave to file an amended complaint asserting claim(s) under ERISA.[2]

## II. Background

The material facts as gleaned from the record follow.[3]

Lynn Lutomski worked for Capital Access Network. During her employment,

---

[2]Also pending before the Court is Lincoln National's Motion to Dismiss Based on ERISA Preemption (Doc. 12) and Kelley's Motion to Dismiss Based on ERISA Preemption (Doc. 15). In light of finding that the complaint presents claim(s) under ERISA and permitting Lutomski to file an amended complaint, these motions will be denied as moot.

[3]On January 24, 2013, the Court held a status conference with the parties. At the conference, the Court directed Lincoln National to file the "administrative record," which it did. (Doc. 23). The background information is taken from the administrative record, the complaint and the exhibits attached to the complaint.

Lynn Lutomski was entitled to a life insurance benefit under a Group Policy Number GL 000010065498 (the Plan) provided by Capital Access Network.  Lynn Lutomski was participant under the Plan.  Lincoln National is the Plan's insurer and claims administrator.  The parties agree that the Plan is governed by ERISA.

The Plan provides employees with two options to keep life insurance coverage after their employment terminates.  One option is an Extension of Death Benefit to continue coverage under the Plan for employees whose employment terminates due to a disability.  Under this "disability" option, the participant's coverage continues without payment of premiums.  The second option is a Conversion Privilege to obtain a separate life insurance policy.  This is for those who do not qualify for continued coverage.  Under this "conversion" option, the participant may purchase and pay premiums on a separate individual life insurance policy.

Lynn Lutomski's employment with Capital Access Network terminated on August 21, 2009.  It appears that she left her employment due to a disability, as further explained below.

Prior to her employment ending, on or about August 9, 2009, Lynn Lutomski filled out two forms to Lincoln National.  Both forms refer to the Plan by the group policy number indicated above.  One form is entitled "Continuation of Coverage Form for Group Life Insurance."  This form is used to request continued coverage under the Plan, i.e. the "disability" option discussed above.  Indeed, under the section "Reason for Termination of Employment," Lynn Lutomski stated "approved for LTD."  This is assumed to mean that she ended her employment when she was approved for long term disability benefits.  The second form is entitled "Application for Conversion of

Group Life Insurance." This is used to request a conversion plan, i.e. the "conversion" option. On both forms, Lynn Lutomski listed David Kiley, her spouse, as primary beneficiary and Lutomski, her brother, as the contingent beneficiary. Although both forms contain a place for a signature, there is no discernable signature on the copies in the record.

Lincoln National received both forms on September 23, 2009.

On February 25, 2010, by letter, Lincoln National approved Lynn Lutomski's request for continued coverage based on her disability. The letter refers to the Policy by the group policy number indicated above and states that she is not responsible for paying premiums. It further explains that she is entitled to $32,000 in basic life, $80,000 in optional life and $30,000 optional spouse life. The letter also states that she had not elected a beneficiary. Therefore, Lincoln National enclosed a Beneficiary Designation Form for her to submit within 30 days.

On June 22, 2011, Lynn Lutomski's husband, David Kiley, passed away.

On October 19, 2011, Lincoln National received a Beneficiary Designation Form for Lynn Lutomski, which again references the group policy number. On the form, Kelley is listed as the primary beneficiary, indicating she is the "daughter" of Lynn Lutomski. Listed as contingent beneficiaries are minors identified as Lynn Lutomski's grandchildren. The form bears a signature purporting to be Lynn Lutomski's.

On May 4, 2012, Lynn Lutomski executed her last will and testament. In it, she states she "a single woman with no children." It also states:

> My late husband, DAVID KILEY, predeceased me. It is my strongest intent and desire that no issue of my late husband share in my estate, unless otherwise provided herein.

4

She also appointed Lutomski as her personal representative and heir to her estate.  The will bears Lynn Lutomski's signature.

On June 22, 2012, Lynn Lutomski executed a codicil to her May 4, 2012 will.  The codicil states in part:

> It is also my strongest intern and wish that Colleen Kelley and or her family not receive any tangible or intangible items or compensation other than the personal items belonging to her father David Kiley which will be identified and disbursed by my Personal Representative.  Mrs. Kelley and her family shall not lay claim to any financial benefits as a result of my death not to exclude: bank accounts, insurance polices, real estate, inheritance or any part of my estate.

The codicil also bears Lynn Lutomski's signature.

On July 18, 2012, Lynn Lutomski sent a letter to Lincoln National requesting a copy of her policies and explanation of current benefits.  It is not clear that Lincoln National received the letter.

Lynn Lutomski died on July 28, 2012.  At some point thereafter, Lincoln National was advised of Lynn Lutomski's death.

On September 17, 2012, Lincoln National notified Capital Access Network that it paid the following benefits for Lynn Lutomski, referencing the group policy number, as follows:

> To Colleen Kelley
> Basic Life Option          Amount $32,000.00        Interest $252.49
> Optional Life Insurance    Amount $80,000.00        Interest $631.23

The total amount of benefits paid is $112,883.72.

That same day, Lutomski called Lincoln National about Lynn Lutomski's life insurance benefits.  After being told that benefits were paid to Kelley per the beneficiary form it received, Lutomski informed Lincoln National that he believed the beneficiary

form was fraudulent.  Thereafter, also on September 17 2012, the attorney for Lynn Lutomski's estate faxed and emailed a certified letter to Lincoln National, stating that Lutomski was the proper beneficiary of the life insurance benefits.

On September 19, 2012, Lincoln National informed counsel for her estate that the benefits had been paid to Kelley as the beneficiary of record.  Lincoln National further stated that the benefits were paid by check mailed September 13, 2012, that payment cleared the financial institution on September 18, 2012, and that the file was closed.

On September 19, 2012, counsel for the estate mailed a "cease and desist" letter to Kelley.

On October 12, 2012, Lutomski filed suit in state court.  Lutomski also filed an ex parte motion for a TRO, seeking to prevent Kelley from disbursing the benefits.

On November 8, 2012, the state court entered an ex-parte TRO and restraining order, preventing Kelley from disposing of the life insurance benefits in the amount of $112,883.72.  The order also references the group policy number.  The state court also set a show cause hearing for November 16, 2012.

On November 16, 2012, the parties entered a Stipulation and Preliminary Injunction Order which enjoins Kelley from disposing of $90,010.24 currently held in her bank account and requires her to account for the missing funds.

On December 27, 2012, Lincoln National, with Kelley's consent, removed the case to federal court on the grounds of ERISA preemption.

III.  Analysis

A.

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction is "federal question" cases, i.e., cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Determining whether a particular case arises under federal law generally turns on the "well-pleaded complaint" rule. Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9–10 (1983). Under this rule, "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75–76 (1914). Thus, "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law," Franchise Tax Bd., supra, at 10.

There is, however, an exception to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law "

7

Id. ERISA is one of these statutes.

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." Alessi v. Raybestos–Manhattan, Inc., 451 U.S. 504, 523 (1981).

Both the Supreme Court and the Sixth Circuit have repeatedly emphasized the broad scope of ERISA's "expansive" preemption provision. See e.g., Aetna Health, Inc. v. Davila, supra, 542 U.S. at 208; Cromwell v. Equicor–Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir.1991) (recognizing "that virtually all state law claims relating to an employee benefit plan are preempted by ERISA").

B.

Here, Lutomski agrees that the Plan is governed by ERISA. However, he argues that Lynn Lutomski converted her life insurance policy under the Plan, thereby removing it from ERISA. The record as it now stands does not support this assertion. As explained above, Lynn Lutomski submitted two forms regarding her life insurance benefits. While one of these forms was for a conversion policy, the other was for continued coverage due to her disability. Lincoln National approved her request for continued coverage under the Plan. No conversion policy issued. Rather, her coverage was continued under the Plan, Lincoln National administered the claim, and paid the life

insurance benefits under the Plan.  All of the documents and other correspondence reference the Plan by the group policy number.  Even Lutomski references the group policy number in the complaint.  Because Lutomski is seeking a payment of benefits under an employee welfare benefit plan governed by ERISA,[4] his state law claims for conversion, breach of contract, and negligence against Lincoln National are claims for benefits under an ERISA plan.

C.

Lutomski's state law claims relate to and ultimately seek life insurance benefits that are governed by the Plan.  ERISA prevents the use of such "alternative enforcement mechanisms" and courts have found similar state law claims seeking ERISA benefits preempted.  See Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991) (breach of contract, negligent misrepresentation claims preempted); Nester v. Allegiance Healthcare Corp., 315 F.3d 610, 613 (6th Cir. 2003) (contract claim preempted); Lion's Volunteer Blind Indus., Inc. v. Automated Group Admin., Inc., 195 F.3d 803, 809 (6th Cir. 1999); (misrepresentation claim preempted); Hardy v. Midland Enters., Inc., 66 Fed. Appx. 535, 539 (6th Cir. 2003) (claims for compensatory damages, punitive damages, misrepresentation preempted); Zuniga v. Blue Cross Blue Shield of Michigan, 52 F.3d 1395, 1401-02 (6th Cir. 1995) (breach of contract based on interpretation of "the Chrysler and Ford employee benefit plans"

---

[4] An "employee welfare benefit plan" is defined in ERISA as "any plan, fund or program [that is] established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of sickness, accident, disability, [or] death." 29 U.S.C. § 1002(1).

9

preempted); Briscoe v. Fine, 444 F.3d 478, 496-501 (6th Cir. 2006) (misrepresentation, fraud, concealment and conversion preempted); Tassinare v. Am. Nat'l Ins. Co., 32 F.3d 220, 224-25 (6th Cir. 1994) (contract claims preempted); Caffey v. Unum Life Ins. Co., 302 F.3d 576, 582 (6th Cir. 2002) (fraud and negligence claims preempted).

Here, regardless of the label, Lutomski is asserting a claim for benefits within the meaning of 29 U.S.C. § 1132 (a) against Lincoln National. Claims under § 1132(a) are completely preempted, and a complaint containing such a claim may be removed to federal court because the completely preempted state-law claim "arises under" federal law, and vests the district court with federal-question jurisdiction. Wright v. Gen. Motors Corp., 262 F.3d 610, 613 (6th Cir. 2001). As such, Lincoln National properly removed the case to federal court because the complaint raises a federal claim. It follows that Lutomski is not entitled to a remand.

D.

Lutomski also requests leave to amend in the event that the Court finds at least some of the claims governed by ERISA. This request is well-taken. Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed. R. Civ .P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation

omitted).  In determining whether to permit amendment, some of the factors which may be considered are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973).  See also Foman v. Davis, 371 U.S. 178, 182 (1962).  None of the factors militate against amendment.

Indeed, where, as here, removal is proper because a "completely preempted state-law claim 'arises under' federal law, [this] . . . authorizes an amendment of the complaint to attempt statement of an ERISA claim."  Brigolin v. Blue Cross Blue Shield of Michigan, 2013 WL 781639, *6 (6th Cir. Mar. 4, 2013) (citing Wright v. Gen. Motors Corp., 262 F.3d 610, 613 (6th Cir. 2001)).

## IV.  Conclusion

For the reasons stated above, Lutomski's motion to remand is DENIED.  Lutomski's motion to amend is GRANTED.  Lutomski shall file an amended complaint within twenty (20) days, presenting claim(s) under ERISA.

Lincoln National's Motion to Dismiss Based on ERISA Preemption and Kelley's Motion to Dismiss Based on ERISA Preemption are DENIED AS MOOT.

SO ORDERED.


       S/Avern Cohn  
       AVERN COHN  
       UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2013

11

**12-15656 Christopher Lutomski v. Colleen Kelly, et al**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2013, by electronic and/or ordinary mail.

                                  S/Sakne Chami
                                  Case Manager, (313) 234-5160